# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ROOKS, <br> Plaintiff, | CIVIL ACTION |
| v. | No. 09-839 |
| ALLOY SURFACES COMPANY, INC., <br> Defendant. | |

## MEMORANDUM OPINION

**Goldberg, J.**  July 6, 2010

Before the Court is Defendant, Alloy Surfaces Company's, motion to dismiss Plaintiff's retaliation claims under the Family Medical Leave Act (hereinafter "FMLA") and the Pennsylvania Human Relations Act (hereinafter "PHRA"). Defendant also seeks dismissal of Plaintiff's common law wrongful termination claim. For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

Plaintiff, Renee Rooks, filed her original complaint on February 26, 2009. Defendant filed a motion to dismiss the complaint on March 30, 2009, which was denied due to Plaintiff's filing of an amended complaint on April 16, 2009. On May 6, 2009, Defendant filed a second motion to dismiss, or in the alternative, a motion for a more definite statement. Although the motion to dismiss was denied without addressing the merits, the motion for a more definite statement was granted, which allowed Plaintiff to amend the deficiencies in her complaint for a second time. After Plaintiff filed her second amended complaint on November 13, 2009, Defendant, for a third time, filed an identical motion to dismiss on November 25, 2009. Given Plaintiff's three (3) attempts to set forth

a claim upon which relief may be granted, we will now address the merits of Defendant's motion to dismiss. (Docket No. 09-839, doc. nos. 1, 3-6, 15-17.)

Plaintiff's second amended complaint alleges that on August 23, 2006, she was injured at work and became temporarily disabled. As a result, Plaintiff filed a worker's compensation claim. Approximately one (1) week after the accident occurred, Plaintiff returned to work with restricted duty. On November 9, 2006, Plaintiff underwent surgery for her injuries sustained on August 23, 2006, and took leave under the FMLA. The complaint avers that after Plaintiff returned to work on January 3, 2007, she was fired on February 26, 2007, in retaliation for having filed a worker's compensation claim and taking leave under the FMLA. (Second Am. Compl., ¶¶ 9-15.)

## II. LEGAL STANDARD

When considering a motion to dismiss, the Court must assume the veracity of well-pleaded factual allegations, construe them in a light most favorable to the plaintiff, and "then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (reaffirming Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The Court may only look to the facts alleged in the complaint and its attachments when deciding a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. DISCUSSION

### A. FMLA Retaliation Claim

In order to state a valid claim under the FMLA, a complaint must contain "allegations that, within the meaning of the FMLA, the defendant is an 'employer' and the plaintiff employee is an 'eligible employee.'" Kaniuka v. Good Shepherd Home, No. 05-2917, 2005 WL 2994348, at *4

(E.D.Pa. Nov. 3, 2005) (quoting Reddinger v. Hosp. Cent. Servs., 4 F.Supp.2d 405, 411 (E.D.Pa. 1998)). An "employer" under the FMLA is "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4). An "eligible employee" is someone who has been employed by the employer for at least twelve (12) months, worked at least 1,250 hours within the twelve-month period, and worked at a location where 50 or more employees are employed within 75 miles of that location. 29 U.S.C. § 2611(2).

Here, Plaintiff's factual allegations only establish that she had been employed by Defendant from August 23, 2006, through February 26, 2007, which totals six (6) months. Since there are no other facts present in the second amended complaint to infer that Plaintiff was an "employee" and Defendant was an "employer" within the meaning of the statute, Plaintiff has failed to allege the threshold requirements for relief under the FMLA.

Moreover, granting leave for Plaintiff to amend the complaint for a third time would not cure the fatal flaw of lacking a causal connection between her termination and taking FMLA leave. To adequately plead a prima facie case of FMLA retaliation, Plaintiff must show that: (1) she took FMLA leave; (2) she suffered an adverse employment decision; and (3) the adverse decision was causally related to that leave. See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004). Although Plaintiff properly alleged that she took FMLA leave and suffered an adverse employment decision, she has failed to sufficiently plead that her termination was causally related to the FMLA leave.

The Third Circuit has established that "the mere fact that adverse employment action occurs after [a protected activity] will ordinarily be insufficient to satisfy the plaintiff's burden of

3

demonstrating a causal link between the two events." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1302 (3d Cir. 1997) (abrogated on other grounds, Burlington No. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)). "However, the court has gone on to clarify that if the timing of the alleged retaliatory action is 'unusually suggestive of retaliatory motive' a causal link will be inferred." Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997). Nonetheless, when a causal connection relies on temporal proximity alone, courts generally require that the termination occur within a few days of the protected activity. See, e.g., Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989) (holding that a causal link can be inferred where only two (2) days passed between the employee's protected activity and the adverse employment action); Whitman v. Proconex, Inc., No. 08-2667, 2009 WL 141847, at *10-12 (E.D.Pa. Jan. 20, 2009) (finding that discharge within minutes of returning from FMLA leave was "unduly suggestive" of a causal link); Reinhart v. Mineral Techs. Inc., No. 05-4203, 2006 WL 4050695, at *10-11 (E.D.Pa. Nov. 27, 2006) (finding that the decision to terminate an employee within twenty-four (24) hours after returning from his initial FMLA leave met "the bare minimum of sufficiency to establish causation").

Plaintiff's factual allegations, even when viewed in a favorable light, establish that she was terminated 55 days after returning from FMLA leave. Despite Plaintiff's inclusion of various conclusory statements within her complaint, there are no other alleged facts suggesting a causal connection between her FMLA leave and discharge. Therefore, Plaintiff failed to plead a sufficient FMLA retaliation claim because the temporal proximity of events is not "unusually suggestive" to infer a causal connection alone. See Garabedian v. Lone Star Steakhouse & Saloon, No. 06-3115, 2007 WL 1795677, at *3 (E.D.Pa. June 20, 2007) (finding that employee's termination 45 days after he returned from FMLA leave was not "unusually suggestive" to establish causation by itself).

### B. PHRA Retaliation Claim

To pursue a PHRA claim in court, "a plaintiff must exhaust [her] administrative remedies by filing with the appropriate state or federal agency." Davis v. Polyscience, Inc., 126 F.Supp.2d 391, 393 (E.D.Pa. 2001). Therefore, a plaintiff must file an administrative complaint with the Pennsylvania Human Relations Commission (hereinafter "PHRC") within 180 days of the alleged act of discrimination. Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997) (citing 43 PA. STAT. ANN. § 959(a) and 43 PA. STAT. ANN. § 962). Although filing with the Equal Employment Opportunity Commission (hereinafter "EEOC") is insufficient to initiate proceedings as required by the PHRA, the Third Circuit has recognized that if the EEOC transmits the claim to the PHRC, then the filing requirement of the PHRA has been satisfied. Dubose v. District 1199C, 105 F.Supp.2d 403, 411 (E.D.Pa. 2000).

Plaintiff's complaint fails to include any factual allegations regarding filing with the PHRC. The complaint simply alleges that "[a]ll conditions precedent necessary for the maintenance of this action have been met." Although an EEOC form was attached to the complaint as "Exhibit A," there are no additional dates or facts to establish that Plaintiff properly filed with the PHRC or that the EEOC filing was transmitted to the PHRC. Furthermore, even if Plaintiff fulfilled the filing requirements under the PHRA, her claim would fail because she did not sufficiently allege a causal connection between filing for worker's compensation and being terminated. See supra, Section A; Martinez v. Rapidigm, Inc., 290 Fed.Appx. 521, 526 (3d Cir. 2008).

### C. Common Law Wrongful Termination Claim

In addition to the FMLA and PHRA retaliation claims, Plaintiff has brought a common law wrongful discharge claim against Defendant. However, even if Plaintiff sufficiently alleged a

wrongful discharge claim, she cannot prevail on such a claim where a statutory remedy is available. See Holmes v. Pizza Hut of Am., Inc., No. 97-4967, 1998 WL 564433, at *8 n. 10 (E.D.Pa. Aug. 31, 1998) (holding that plaintiff cannot pursue a wrongful termination claim because he "has statutory remedies available, namely under PHRA, ADA and FMLA, and is in fact pursuing these remedies"). Therefore, given Plaintiff's attempts to plead FMLA and PHRA claims and the clear statutory remedies available to plaintiffs who state a claim for relief under those statutes, Plaintiff cannot pursue a common law wrongful discharge claim.

## IV. CONCLUSION

The complaint is dismissed against Alloy Surfaces Company for failure to state a claim upon which relief can be granted. Our Order follows.